### In re J. C. H. CLAUSSEN & CO.

### GREER v. SIMMONS.

(District Court, D. South Carolina. July 16, 1908.)

1. BANKRUPTCY—UNRECORDED MORTGAGE—SOUTH CAROLINA STATUTE.
   Under Civ. Code S. C. 1902, § 2456, which provides that mortgages of any property shall not be valid as against subsequent creditors of the mortgagor unless recorded within 40 days, a mortgagee of a bankrupt whose mortgage was not so recorded has no right in the proceeds of the mortgaged property unless or until the claims of subsequent creditors have been paid in full.

2. SAME—ALLOWANCE OF ATTORNEY FEES—SERVICES RENDERED FOR MORTGAGEE.
   The attorney for a mortgagee of a bankrupt who was permitted to sell the mortgaged property and hold the proceeds subject to the orders of the bankruptcy court, and is subsequently adjudged to have no interest therein, is not entitled to an allowance from the fund for services rendered, except in so far as such services contributed to create or conserve such fund for the benefit of the estate.

In Bankruptcy. On exceptions to report of referee.

Buist & Buist, for trustee and bankrupt.
Mordecai & Gadsden and Rutledge & Hagood, for Simmons.

BRAWLEY, District Judge. This case is before me on exceptions to the report of the referee, filed in behalf of B. I. Simmons, the mortgagee.

I had occasion to examine the question upon a state of facts substantially identical, and filed an opinion reported in Re Cannon (D. C.) 121 Fed. 582, which, until reversed or modified, controls the case. I have been asked to review that case, but no new arguments have been presented and no authorities submitted. As I gave the question careful consideration at that time, I see no reason to change the views then expressed. It is therefore ordered and adjudged that the report of the referee be, and it hereby is, affirmed.

Another question is presented by the exceptions of the trustee to the allowance of a fee of $250 to T. M. Mordecai, attorney for B. I. Simmons. It appears that Mr. Mordecai was retained by Mr. Simmons at the time when he was proceeding to foreclose his mortgage. Upon proceedings duly had, Mr. Simmons was allowed to sell the property covered by his mortgage, and hold the proceeds of the same subject to the order of this court. For any service rendered by Mr. Mordecai in conserving the fund, he would be entitled to be paid out of the fund a reasonable compensation. From the testimony before me I cannot see wherein he has rendered such service in the conservation of the fund as would entitle him to a fee of $250. As between himself and Mr. Simmons, it may well be that a fee of $250 was proper, but services rendered exclusively for the benefit of Mr. Simmons cannot be paid out of the fund upon which he has, as mortgagee, no claim. Upon the hearing before me Mr. Mordecai stated that there was a distress warrant for rent which he successfully resisted. That was a service in preserving the fund for which he would

be entitled to compensation, but I am unable to form any estimate of the value of such service or the amount that should be allowed. The case, therefore, must go back to the referee, with directions to inquire into what services were rendered by Mr. Mordecai in securing or conserving the fund. Any service rendered by him as attorney for Mr. Simmons personally must be paid by him individually, and should not be taken out of this fund. It may be possible that the referee has already considered this, and that in allowing the sum of $250 he has been satisfied that Mr. Mordecai has rendered services in creating or preserving the fund which entitle him to that amount, and that he has not thought it necessary to report all the testimony upon which he based his conclusion. I will not be inclined to disturb his conclusion, if, with all the lights before him, which are not before me, he should be of opinion that Mr. Mordecai has rendered services which had so far been of benefit to the fund, either in its creation or preservation, as would entitle him to the sum of $250. All I can say at present is, with the record before me I cannot see any evidence which justifies so large an allowance.